Good morning. May it please the Court, my name is Cindy Yu, attorney for Petitioner Maria Gemma Ortiz Aquino. The issue before this Court is whether prima facie eligibility for a motion to reopen based on adjustment of status is established where the evidence reveals a reasonable likelihood that the statutory requirements have been met under Ordonez or whether the motion presents clear and convincing evidence indicating a strong likelihood that the marriage is bona fide under matter velarde. Here the Board of Immigration Appeals denied Petitioner's motion to reopen based on adjustment of status for lack of the petitioner failed to present clear and convincing evidence of a bona fide marriage under Section 8 CFR 204.2A1. In denying the motion to reopen for prima facie eligibility based on the clear and convincing standard, the BIA abused its discretion because this Honorable Court has made clear in Ordonez that a moving party establishes prima facie eligibility based on the reasonable likelihood standard, meaning that the moving party does not need to conclusively establish relief. By requiring the more stringent standard of clear and convincing, the BIA is exceeding its jurisdictional scope of appellate review by actually scrutinizing the I-130 petition and supporting documentation to determine if the bona fide marriage exists. Such examination would intrude into the district director's authority over the adjudication of visa petitions. Counsel, do you have a case that supports your argument that Henry Velarde authorizes the BIA to act beyond its authority? Do you have a case that says that? No, Your Honor. I'm sorry, I don't. Where the BIA acts... I thought your argument was that by requiring clear and convincing evidence of a bona fide marriage. Is that your argument? Yes. That the BIA is acting beyond its authority. Is that your argument? Basically that the BIA is misapplying the standard. That the Ninth Circuit has stated that for motions to reopen based on adjustment status, the standard should be a reasonable likelihood. But there's a second layer, though, when you have someone who's applied for adjustment of status and marries during the time that application is pending. So there's a separate layer that comes into play, isn't there? There is. There's the bona fide marriage exemption is where the BIA draws... I believe that the BIA draws the standard of clear and convincing. But a petitioner would respectfully assert that for prima facie eligibility, that the basis of prima facie eligibility is that you establish... that you establish the essential elements of the case at hand and that you actually don't look to the merits of the underlying petition. If I could respectfully refer this Court to prima facie as defining the Code of Federal Regulations for filing a self-petition based on a battered spouse, in Section 8 CFR 204.2 C6, they define prima facie eligibility as establishing that you submitted the completed form and all required supporting documentation. But can I also... isn't the clear and convincing evidence standard taken directly from the statute? It is. I believe that that is where the BIA does get the statute. But the Ninth Circuit has said in Ordonis that for motions to reopen, that all the petitioner needs to demonstrate is a reasonable likelihood that the moving party has met the statutory requirements. Were we dealing with 8 U.S. Code Section 1255E in Ordonis? No, we weren't, Your Honor. But when the petitioner files a motion to reopen based on adjustment that they are indeed married to a U.S. citizen and eligible for adjustment of status, they're simply asking the Board of Immigration and Appeals to open the case and remand the case back to the judge. The I-130 petition, actually the jurisdiction over the I-130 petition resides with the district director. By requiring a clear and convincing standard, basically the BIA is now looking at the underlying merits of the I-130 to determine if it is in fact bona fide. Matter of Valarde says that with an unapproved I-130 showing that meeting the five elements of matter of Valarde that the case should be opened based on prima facie eligibility. Of course, the BIA also has discretionary power to deny a motion to reopen. But here at the case at hand, the motion to reopen was denied not out of discretion but prima facie eligibility. She applied for this relief soon after she first arrived? No, Your Honor. She was in removal proceedings, applied for asylum, withholding of removal and withholding of removal under Convention Against Torture, was denied, filed an appeal to the Board of Immigration and Appeals. While that appeal was pending with the BIA, petitioner married a U.S. citizen. I understand that. But when did she first apply for this relief? I believe it was in 2004 she applied for the, her husband filed the I-130 for her. But she'd been in the United States for 11 years. Yes, but the circumstances are such in her life that she met a United States citizen and then married during that time. But she didn't apply for this relief. At that time because she was not eligible. But how about the asylum, the withholding and the Convention Against Torture relief? She did apply for the asylum within the one year. So she was not time barred. You mean within the year she first came? Right. She came in 1992 and about two weeks. I'm wondering, and it took 11 years to hear it? Basically, it didn't take 11 years. She came in 1992. She wasn't referred to removal proceedings until 2001. What took a long time was she filed the asylum application to be actually adjudicated by Citizen and Immigration Service and then for them to issue a decision and then to refer that decision to Immigration Court for further review. Okay. Do you want to save your remaining time for rebuttal? Yes. All right. Thank you. Thank you. Good morning, Your Honors, and may it please the Court. My name is Jonathan Robbins, and I'm here on behalf of the respondent in this matter. First, I'll briefly discuss why the immigration judge's denial of asylum, withholding of removal and protection under the regulations implementing the Convention Against Torture were properly denied using this Court's standard of review. Why don't you take 15 seconds to do that? Okay. Well, just to remind the Court that the standard of review here is that a reasonable adjudicator would have to compel a contrary conclusion. That means essentially what we're looking at is, is the only way the immigration judge could have come out that she would be granted these different applications. I think the answer based on the record evidence is a pretty compelling one. She changed her country of conditions. She wasn't persecuted herself. What about the marriage situation and the motion to reopen? Well, with respect to the motion to reopen, we're looking here at whether or not the Board abuses discretion. That's the standard. And based on the evidence that was submitted with the motion to reopen, now to be sure, she did present evidence that showed that she had been married. But what we're looking for is evidence that's probative of the reason for marriage because obviously, you know, when people are facing these types of removal situations, But the bonafide is of the marriage. Yeah, exactly. How do you prove that? How do you prove? Yeah, what kind of information or evidence would prove that? It's contrasted with what was submitted. Well, the regulations provide guidance as to what should be submitted. You'll note that the Department of Homeland Security submitted an opposition here because what was submitted were merely photographs, minimal evidence of a bank account, and a marriage certificate. But if you look at what was submitted, there was no affidavits from anybody who could speak to the probativeness of what was. . . How long they had been dating, that they were together often at social functions, that they displayed affection to one another. . . Right. No affidavits of third parties about the bonafides. Correct. And essentially, if you look at the evidence that was presented here, the only thing it really tells the board here is that they were in fact married. And certainly, even the petition that was actually submitted, the I-130, mixed up the dates of the actual date of the marriage. So how could it be said that there is clear and convincing evidence of a strong likelihood that they were married for anything other than immigration purposes here? When you look at the evidence, they simply haven't established that prima facie evidence here. And Velarde really goes through those steps of what you have to show. And certainly, this case is analogous to Amali against INS, where it's essentially the same type of fact pattern. The petitioner in that case submitted photographs of a wedding, submitted a divorce degree of an earlier marriage, but ultimately it wasn't enough to establish that bona fide marriage, which is what we're looking for here, that probativeness as to what is underlying the marriage that was entered into. And with respect to the motion to reconsider here, there was no specification of an error of fact of law in the board's determination that they hadn't met that standard of establishing that bona fide marriage, of establishing the Velarde factors. It was essentially a rehash of the motion to reopen. And to the extent that the motion to reopen introduced new evidence, excuse me, to the extent that the motion to reconsider was accompanied with new evidence, the board was perfectly reasonable in determining that that was, in fact, should be considered, in fact, a motion to reopen because of that additional evidence. Numerically barred. Yes, exactly. Numerically barred as a second motion to reopen because under the regulations, there's only one motion to reopen allowed in these types of immigration proceedings. I was still curious about, she came in when she was 21 years old. Yes, Your Honor. And then applied for political asylum? Yes, Your Honor. And that was in 1991? Correct, Your Honor. But the first time she got a hearing on it was in 2003? Apparently, Your Honor. I review the record. She would have had a better case in 1991. She probably would have, Your Honor, at the time. It's my understanding that at that time the Marcos regime was still in power. And to be honest, based on the record, I'm not exactly sure why it was delayed that long. Eleven years. Eleven years. But to the extent that her fears in that particular country were based on persecution that occurred over 14 years ago, now, in terms of the immigration dealing with that particular case now, it can't be said that persecution You don't know why it took 11 years? I do not, Your Honor. Okay. So I would respectfully request that this Court uphold the Board's findings in this matter. Thank you for your time, Your Honor. Thank you, counsel. Rebuttal. Your Honor, this Honorable Court, I'd like to address a few points that opposing counsel asserted. This case is not analogous to Malley. Malley You're right, it's not. In her motion to reopen and remand, Aquino stated her marriage was on September 3. Her marriage certificate says it was September 6. On the I-30, Aquino and her spouse left different dates for when they were married. Aquino listed September 6, and her spouse listed September 3. Your Honor, that was a typographical error prepared by our office by a paralegal. That's not a form actually prepared by the petitioner. So that's a typographical  The typographical error on the form. So the marriage certificate we have submitted to assert the validity of the date of the marriage. But this case is analogous to Malley in the sense that in Malley, the petitioner filed two I-130s within a very short amount of time. The first I-130 was denied for lack of submitting a bona fide exemption. The second, he married a U.S. citizen within six months later and filed an I-130. Did you file a reply brief in this case? No, Your Honor. At that time, I was not the attorney of record. So somebody left hanging the paralegal did it explanation. Yes, Your Honor. Additionally, in Malley, they only submitted photographs. Petitioner has submitted three rental receipts in a joint account. Given the time limitation that you can file a motion to reopen there and the short duration of the marriage in general when you file the motion to reopen. You can see there are no affidavits from third parties. I do understand that, Your Honor. But affidavits are suggested by the regulation, not required under the fifth prong of Mater Valardi as the government suggests. Affidavits in general can be deemed self-serving. If you look at the affidavit rule here and a fight is told flat out in black and white and you're going to have to come and testify. So, I mean, this is quite different from your regular affidavit. Well, Your Honor. Let's just leave it at this.  Yes, Your Honor. Additionally, I would also like to point out that for filing a motion to reopen, the alien has one opportunity to file that within that 90-day period. And they're also numerically barred. Generally, clients, at least my clients, they're married for a short time. We have to file this motion to reopen within that time frame. They're not allowed to submit additional evidence. Additionally, many aliens who do not have a valid, who are here illegally, are not able. What's this, a due process argument you're making? No, Your Honor. I'm just making, as a practical side, that there should be some flexibility in determining whether the marriage is bona fide. Rather than a clear and convincing, that should be left up to the district director, the CIS, which has authority and expertise in this area, rather than the Board of Immigration Appeals. Additionally, the Board of Immigration Appeals is just an appellate body to determine if the case should be reopened. Once it is, it's remanded back to the immigration judge, who conducts the hearing, and also to the district director, who conducts an interview on the bona fideness of the client. By requiring this clear and convincing evidence, the board is looking at the underlying merits of the I-130. So if the I-130, if they decide to grant the motion to reopen, based on the adjudicated I-130, would it be inconsistent for the district director, later on, to look at the I-130? We understand your argument. You've exceeded your time. The case just argued is submitted for decision by the panel.
judges: Trott, Rawlinson, King